**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : | CIVIL ACTION |
| vs. | : : | |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : | NO. 02-CV-4482 |

**PLAINTIFF'S MOTION TO PRECLUDE THE DEFENDANT
BRIAN L. MILES FROM TESTIFYING AT THE TRIAL OF THIS CASE**

Although the defendant Brian L. Miles' deposition has been noticed four times by plaintiff, the defendants have failed to produce him and for the following reasons his testimony at trial ought to be precluded:

1. This is a negligence action stemming from the death of plaintiff's decedent George Kaloudis ("Mr. Kaloudis").

2. Plaintiff asserts claims under Pennsylvania's wrongful death and survivorship statutes.

3. Mr. Kaloudis burned to death on April 3, 2002 when a truck operated by defendant Brian L. Miles, an employee of defendant Star Transportation, Inc. ("Star"), crushed Mr. Kaloudis' car against a median barrier on Route 1 in Delaware County.

4. Plaintiff's complaint alleges that (a) defendant Miles negligently operated this Star vehicle that he was driving on April 3, 2002, and (b) defendant Star negligently hired and supervised Miles (the "Negligent Entrustment Claim").

5. The complaint was filed on June 18, 2002 in the Court of Common Pleas of Philadelphia County.

6. On July 8, 2002, Defendants removed the matter to Federal Court pursuant to 28 U.S.C. § 1441.

7. Jurisdiction is based on diversity of citizenship.  28 U.S.C. § 1332.

8. Plaintiff noticed Brian Miles' deposition for the first time pursuant to a letter of September 4, 2002 to defense counsel requesting Miles presence on October 2, 2002 (see Exhibit 1).  He was not produced.

9. Plaintiff noticed Brian Miles' deposition for the second time pursuant to a letter of October 7, 2002 to defense counsel requesting Miles presence on October 31, 2002 (see Exhibit 2).  He was not produced.

10. Plaintiff noticed Brian Miles' deposition for the third time pursuant to a letter of November 5, 2002 to defense counsel requesting Miles presence on November 21, 2002 (see Exhibit 3).  He was not produced.

11. Plaintiff noticed Brian Miles' deposition for the fourth time pursuant to a letter of November 12, 2002 to defense counsel requesting Miles presence on December 10, 2002 (see Exhibit 4).  He was not produced.

12. Defense counsel has represented to plaintiff's counsel that they have been unable to produce Mr. Miles because they are unable to locate him even though they have hired an investigator to find him.

13. Defense counsel now has had several months to locate their defendant client (Miles) and to this date have not stated that they have either located him or are able to produce him for a deposition.

14. Pursuant to this Court's Scheduling Order of August 20, 2002, discovery ends on January 21, 2003.

15. Plaintiff's attorney has sent to their experts all information received in discovery, including many documents, photographs, drawings, and depositions, and plaintiff's experts have relied on that information in their efforts to prepare themselves for reports and testimony.

16. Federal Rule of Civil Procedure 37(d) states in pertinent part the following:

> If a party ... fails (1) to appear before the officer who is to take the deposition after being served with proper notice... after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as our just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2) of this rule.

17. Plaintiff at this late stage would be severely prejudiced should defendants now attempt to produce Brian L. Miles to testify in this case.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 37(d), plaintiff Eugenia Kaloudis respectfully asks this Court to prevent substantial prejudice to the plaintiff by ordering that defendant Brian L. Miles be precluded from testifying at the trial of this case.

Respectfully submitted,

RAYNES McCARTY BINDER ROSS & MUNDY

By _____
A. Roy DeCaro
1845 Walnut Street, Suite 2000
Philadelphia, PA 19103
215-568-6190

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : | CIVIL ACTION |
| vs. | : : | |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : | NO. 02-CV-4482 |

**ORDER**

AND NOW, upon consideration of Plaintiff's Motion to Preclude Defendant Brian L. Miles from testifying at the trial of this case, and defendants' response thereto, it is hereby ORDERED that plaintiff's Motion is GRANTED.

_____
Honorable Bruce W. Kauffman
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : | CIVIL ACTION |
| vs. | : : | |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : | NO. 02-CV-4482 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE THE DEFENDANT BRIAN L. MILES FROM TESTIFYING AT THE TRIAL OF THIS CASE**

Plaintiff relies on the authorities and arguments contained in its Motion.

Respectfully submitted,

RAYNES McCARTY BINDER ROSS & MUNDY

By _____
A. Roy DeCaro
1845 Walnut Street, Suite 2000
Philadelphia, PA 19103
215-568-6190

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, | : | CIVIL ACTION |
| and as Administratrix of the Estate | : | |
| of GEORGE KALOUDIS, Deceased | : | |
| | : | |
| vs. | : | |
| | : | |
| STAR TRANSPORT, INC. | : | |
| and BRIAN L. MILES | : | NO. 02-CV-4482 |

**CERTIFICATE OF CONFERENCE**

I, A. Roy DeCaro, pursuant to F.R.C.P. 37(d), hereby certify that I spoke with counsel for the defense on several occasions requesting that they produce defendant Brian L. Miles for a deposition but have been told they are unable to produce him because they have been unable to locate him and therefore we are unable to resolve this matter, despite our good faith efforts.

RAYNES McCARTY BINDER ROSS & MUNDY

By _____
        A. Roy DeCaro
        1845 Walnut Street, Suite 2000
        Philadelphia, PA 19103
        215-568-6190