IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, | : | CIVIL ACTION |
| and as Administratrix of the Estate | : | |
| of GEORGE KALOUDIS, Deceased | : | |
| | : | |
| vs. | : | |
| | : | |
| STAR TRANSPORT, INC. | : | |
| and BRIAN L. MILES | : | NO.  02-CV-4482 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants' Star Transport, Inc. ("Star Transport"), and Brian L. Miles ("Miles") move for partial summary judgment against plaintiff, Eugenia Kaloudis' ("Mrs. Kaloudis").

This is a negligence action stemming from the death of plaintiff's decedent George Kaloudis ("Mr. Kaloudis"). Mr. Kaloudis burned to death on April 3, 2002 when a truck operated by Miles, an employee of defendant Star Transport, crushed Mr. Kaloudis' car against a median barrier on Route 1 in Delaware County. Plaintiff asserts claims under Pennsylvania's wrongful death and survivorship statutes.

Plaintiff's complaint alleges that (a) Miles negligently operated the Star Transport tractor trailer that he was driving on April 3, 2002, and (b) defendant Star Transport negligently hired and supervised Miles (the "Negligent Entrustment Claim"). Star Transport also has filed a counterclaim against the estate of Mr. Kaloudis, claiming that he was negligent.

Plaintiff's complaint was filed on June 18, 2002 in the Court of Common Pleas of Philadelphia County. On July 8, 2002, Defendants removed the matter to Federal

Court pursuant to 28 U.S.C. § 1441.  Jurisdiction is based on diversity of citizenship.  28 U.S.C. § 1332.

Defendants seeks dismissal of plaintiff's Negligent Entrustment Claim, alleging that it is redundant and prejudicial in light of Star Transport's admission that Miles was an agent of Star Transport and acting within the course and scope of his employment at the time of the accident.

Plaintiff submits that defendants' motion is premature.  As the defense points out it int own brief, summary judgment is improper in this context if the plaintiff can make out a prima facie case for punitive damages against the trucking company as part of plaintiff's Negligent Entrustment Claim.  <u>Holben v. Midwest Emery Freight Systems</u>, 525 F. Supp. 1224, 1225 (W.D. Pa. 1981);  Star Transport Brief at p. 5.  A claim for punitive damages makes the Negligent Entrustment Claim different from the negligence count relating strictly to the accident itself; thus summary judgment would be improper. <u>Id</u>.

Unfortunately, Star Transport has not permitted plaintiff any opportunity to conduct discovery on the Negligent Entrustment Claim.  Star Transport has improperly objected to any discovery requests relating to Miles' driving and work histories.  <u>See</u> plaintiff's motion to compel discovery, attached hereto as Exhibit 1.   Defendants also have not permitted plaintiff to depose Miles, the driver of the truck that killed Mr. Kaloudis.  <u>See</u> plaintiff's motion to preclude defendant Brian Miles from testifying at trial of this case, attached hereto as Exhibit 2.  The failure to produce Miles is particularly hard to understand since Rawle & Henderson has entered its appearance on behalf of Miles and has continued to file pleadings and discovery on his behalf, presumably with

Miles' authority. Indeed, this motion for partial summary judgment itself is styled as one on behalf of Star Transport *and* Miles.

Ms. Kaloudis asks the Court to delay deciding defendants' motion for partial summary judgment until the Court resolves plaintiff's outstanding discovery motions, which will permit plaintiff's counsel to evaluate whether there is a basis to seek punitive damages against Star Transport as part of plaintiff's Negligent Entrustment Claim.

If there is no basis to seek punitive damages, plaintiff will concede defendants' motion for partial summary judgment. If there is a basis for seeking punitive damages, however, plaintiff will ask the Court to deny the motion and allow Ms. Kaloudis to proceed with that claim against Star Transport at trial.

As it stands today, because of Star Transport's improper objections to discovery, Ms. Kaloudis so far has been unfairly handicapped in her ability to gather information about Star Transport's decision to entrust a tractor trailer to Miles on the day Mr. Kalooudis was killed.

WHEREFORE, plaintiff Eugenia Kaloudis respectfully asks this Court to delay ruling on defendants' motion for partial summary judgment until the Court rules on plaintiff's outstanding discovery motions.

Respectfully submitted,

RAYNES McCARTY BINDER ROSS & MUNDY

By _____
    A. Roy DeCaro
    1845 Walnut Street, Suite 2000
    Philadelphia, PA 19103
    215-568-6190

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : | CIVIL ACTION |
| vs. | : : | |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : | NO. 02-CV-4482 |

## ORDER

AND NOW, upon consideration of defendants' Motion For Partial Summary Judgment and plaintiff's response thereto it is hereby Ordered that defendants' motion is denied, without prejudice, as premature. Defendants' may resubmit the motion after the Court rules on plaintiff's current discovery motions.

_____
Bruce W. Kauffman
United States District Judge