IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : |
| vs. | : CIVIL ACTION NO. 02-CV-4482 |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : : |

**SUR-REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants, Star Transport, Inc. and Brian Miles, by and through their counsel, Rawle & Henderson, LLP, hereby move the Court to extend all case management deadlines, and in support thereof avers as follows:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Admitted in part, denied in part. Defendants do not have sufficient information available to ascertain the date plaintiff served prior defense counsel with her set of state court interrogatories since the interrogatories were not dated and were not served with a Certificate of Service. All parties must concede that upon removal to federal court, the interrogatories beyond number 25 are deemed improper. Therefore, defendants initiated contact with plaintiff's counsel

776727 v.1

to inquire whether he would like defendants to answer the first 25 interrogatories which included each subpart counted as a separate interrogatory or whether he would like to resubmit the interrogatories in accordance with the Federal Rules of Civil Procedure.  Notably, plaintiff's First Set of Interrogatories included 79 interrogatories constituting 31 questions and 48 subparts.  Consequently, all parties agreed to resubmit their respective discovery demands.

7.      Admitted in part, denied in part.  Defendants inadvertently stated that they served their First Set of Interrogatories and Request for Production of Documents on or about November 19, 2002.  This is incorrect.  They served it on December 19, 2002.  Notably, service is deemed complete upon placing the documents in the mail.  The date an item is received is not relevant.

8.      Admitted in part, denied in part.  At the time defendants made the motion at issue, plaintiff had not served her discovery responses.  Notably, plaintiff's counsel was not aware that the discovery responses were due on January 22, 2003 until defense counsel called and advised him.  Accordingly, plaintiff immediately completed the discovery at issue and had it hand served on defense counsel in the late afternoon of January 22, 2003.

9.      Admitted that the discovery deadline is January 21, 2003.  However, defendants called plaintiff's counsel's office on January 15, 17, 2003, and two times on January, 21 leaving messages with plaintiff's counsel's employee requesting that plaintiff's counsel contact defense counsel.  When no response was received to the first January 21st call, the second telephone call was made wherein defense counsel demanded a number where plaintiff's counsel could be reached since the matter was now "urgent."  Defendants were finally able to reach the

776727 v.1

plaintiff's counsel by telephoning him at his home. Defendants could have made this motion prior to the discovery deadline but defendants believed that filing a motion with the Court prior to seeking an amicable resolution between the parties was wrong and a waste of the Court's resources. Had plaintiff's counsel responded to defendants' repeated telephone calls in a timely fashion this motion would have been made prior to January 21, 2003.

10. Denied. Plaintiff's counsel failed to accurately describe the telephone conversation of January 21, 2003 wherein an extension of time was sought. Had plaintiff's counsel actually considered a "specific request," this motion would not have been necessary. Defendants sought a 60 or 90 day extension of time to conduct *inter alia*, discovery in order for defendants to respond to plaintiff's discovery responses. Plaintiff's counsel refused to consider any extension of time or a detailed explanation of what defendants specifically sought thus the filing of this motion was necessary. At this time, defendants specifically request an extension of time to conduct the plaintiff's deposition, to obtain supplemental responses to defendants' discovery demands as defendants have objected to plaintiff's discovery responses in a January 29, 2003 correspondence which has been attached hereto as Exhibit "A", and to have the opportunity to serve supplemental discovery demands as necessary after plaintiff's deposition. Plaintiff's deposition has not been conducted since defendants were waiting for plaintiff's discovery responses to determine whether a deposition was necessary to the defense of this matter.

11. Denied. Plaintiff's discovery was outstanding at the time the motion was made. Moreover, the answers to interrogatories served by plaintiff are insufficient since they were not

776727 v.1

signed by the party who answered them in accordance with the Federal Rules of Civil Procedure. Additionally, plaintiff's discovery responses failed to answer or fully answer all demands made, often without preserving an objection thereto, as required by the Federal Rules of Civil Procedure.

  12. Denied.  Plaintiff's reply does not address the averment made by defendants.

  13. Denied.  Contrary to plaintiff's opinion, defendants will be severely prejudiced by closing discovery prior to having the opportunity to conduct the plaintiff's deposition, and to have the opportunity to request supplemental discovery.  Plaintiff's counsel has failed to cite any actual example of prejudice to his client resulting from a short extension of the discovery deadline.  However, ending discovery at this time would severely prejudice the defendants.  Plaintiff's rushed and vague responses to defendants' discovery demands clearly necessitate the need for plaintiff's deposition.  Further discovery is necessary to determine the damages allegedly sustained by plaintiff.

  14. Defendants seek a reasonable extension of time (60 days) for all case management deadlines.  There has been no prior request for an extension of the discovery deadlines in this case.

776727 v.1

WHEREFORE, Defendants respectfully requests this Court enter the attached Order granting its Extension of Time.

                                        RAWLE & HENDERSON LLP

                                        By:_____
                                              Timothy J. Abeel
                                              Identification No. 23104
                                              Kirsten E. Moore
                                              Identification No. 88699
                                              The Widener Building
                                              One South Penn Square
                                              Philadelphia, PA 19107
                                              215-575-4200
                                              Attorneys for Defendants,
                                              Star Transport, Inc. and Brian Miles

DATED:       February 6, 2003

776727 v.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Sur-reply to Plaintiff's Opposition to Defendants' Motion to Extend Time, was served on this date by First Class U.S. mail, postage prepaid to the following counsel of record.

A. Roy DeCaro, Esquire
Raynes, McCarty, Binder, Ross & Mundy
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103

RAWLE & HENDERSON LLP

By:_____
    Timothy J. Abeel
    Identification No. 23104
    Kirsten E. Moore
    Identification No. 88699
    The Widener Building
    One South Penn Square
    Philadelphia, PA 19107
    215-575-4200
    Attorneys for Defendants,
    Star Transport, Inc. and Brian Miles

DATED:   February 6, 2003

J.

776727 v.1