IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, deceased | : : : : | CIVIL ACTION |
| v. | : : | |
| STAR TRANSPORT, INC., and BRIAN L. MILES | : : | NO: 02-4482 |

## MEMORANDUM AND ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE        February    , 2003

      Plaintiff has filed a Motion to Compel Answers to Interrogatories and Requests for Production of Documents in this case arising out of a motor vehicle accident. The Defendants have objected to two of the interrogatories and one document request. In these requests, Plaintiff seeks information regarding traffic citations issued to Mr. Miles, accidents in which Mr. Miles was involved, and his personnel file at Star Transport. For the reasons that follow, we will grant the motion.

      The Defendants maintain that the information sought is irrelevant because Star Transport has admitted that Mr. Miles was acting within the scope of his employment at the time of this tragic accident. See Holben v. Midwest Emery Freight System, Inc., 525 F.Supp. 1224 (W.D. Pa. 1981)("Nothing can be gained from [the negligent entrustment cause of action] when the defendant employer has admitted the agency of the driver."). This issue was briefed by the parties in Defendants' Motion for Summary Judgment, which is presently pending before the Honorable Bruce W. Kauffman, to whom the case is assigned. Thus, reason Defendants, information relating solely to a cause of action that will soon be dismissed, cannot be obtained in discovery.

There are two problems with this argument. First, the claim of negligent entrustment has not yet been dismissed. It is true that Defendants, relying on <u>Holben</u>, have moved for partial summary judgment. However, Judge Kauffman has not yet ruled, so it is premature to argue that discovery on the negligent entrustment count cannot proceed. Second, while there is some overlap between this discovery dispute and the issue pending before Judge Kauffman, we must remember that this motion deals only with discovery, not admissibility at trial. Federal Rule of Civil Procedure 26(b)(1) permits the discovery of information "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Plaintiff has stated that information regarding prior citations, accidents, and Mr. Miles' personnel file may include information relating to a relevant medical condition, his vision, or his fitness to drive. Although the Defendants have focused on how the information would be relevant to the negligent entrustment claim, we believe such information may have relevance to Mr. Miles' own negligence as well. Just because the information may be more obviously relevant to the negligent entrustment claim, it does not automatically become irrelevant to the remainder of the case.

We express no opinion on the issue presented in the summary judgment motion. We merely conclude that, for purposes of discovery, the information sought is "reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, deceased | : : : : | CIVIL ACTION |
| v. | : : | |
| STAR TRANSPORT, INC., and BRIAN L. MILES | : : | NO: 02-4482 |

## O R D E R

AND NOW, this _____ day of _____, 2003, upon consideration of the Plaintiff's Motion to Compel Answers to Interrogatories 2 and 3 and Request for Production 12, and the response, thereto, IT IS HEREBY ORDERED that the Motion is GRANTED. Defendants shall provide answers to Interrogatories 2 and 3 and produce Mr. Miles' personnel file within twenty days of the date this Order is entered.

_____BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE