IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : |
| vs. | : CIVIL ACTION NO.  02-CV-4482 |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : : |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     LEGAL ARGUMENT**

Plaintiff's Memorandum alleges that defendants' motion for partial summary judgment is premature on the basis that plaintiff is unable to determine whether a claim for punitive damages exists since the defendants refused to permit the deposition of defendant Miles and objected to discovery related to defendant Miles's driving and work history.  However, plaintiff has moved to preclude the testimony of defendant Miles at the trial thus plaintiff does not seek further information from defendant Miles.  Plaintiff has also moved to compel discovery from defendants relating to defendant Mile's traffic violations in the last ten years, Mile's complete accident history, as well as anything contained in Mile's personnel file "relating to the accident." In response, defendants have provided all documentation within Mile's personnel file "relating to the accident."  Defendants have objected to providing Mile's traffic citation and accident history. However, even if defendants provided documentation in response to plaintiff's motion, plaintiff could not establish a prima facie claim for punitive damages.

Plaintiff mistakenly relies on the premise that summary judgment is improper where plaintiff can make out a prima facie case for punitive damages.  See Holben v. Midwest Emery

779957 v.1

Freight Systems, 525 F.Supp. 1224, 1225 (W.D.Pa. 1981). This premise does not support the plaintiff's claim because the plaintiff must establish that "defendants [knew] or had reason to know, of facts that which create a high degree of risk of physical harm to another, and deliberately proceed[ed] to act in conscious disregard of, or indifference to, that risk." Burke v. Maassen, 904 F.2d 178, 181 (3d Cir. 1990). It is not possible for plaintiff to establish this degree of risk because as in Burke v. Maassen, it was insufficient to establish this degree of risk where the defendant trucking company never verified prior employment, driving experience, accident history, or traffic citations. See Id. Therefore, even if, which defendants do not purport is true, the defendant Star failed to verify Miles's prior employment, driving experience, accident history, or traffic citations, plaintiff could still not establish a prima facie case for punitive damages. "Negligent hiring, a burdensome route schedule, improper instructions all fall short of anything more than ordinary negligence." Vargo v. Coslet, Civil Action No. CV-02-676, (December 20, 2002 E.D.Pa.)(attached to defendants' original motion). Thus, plaintiff is unable to establish a claim for punitive damages and as such, the motion should be granted because defendant Star Transport, Inc. recognized its responsibility for the actions of its driver, Brian Miles.

Star Transport admitted that it was vicariously liable for the acts or omissions of Miles under the theory of *respondeat superior*. Given this admission, it is only necessary for the plaintiff to prove that Miles was liable for the accident in order to hold Star Transport liable. There is no reason or purpose in addressing the issue of Star Transport's liability again by way of a negligent entrustment claim. The plaintiff cannot recover twice from defendant Miles. Therefore, the negligent entrustment claim is "unnecessary, prejudicial, and redundant." See

779957 v.1

Fallon et al. V.; Marxen and A.P.A. Transport, Inc., civil action no. 95-1546 (D.N.J. 1997), citing Hackett v. Washington Metro. Area Transit Auth., 736 F. Supp. 8 (D.D.C. 1990).

The U.S. District Court of Pennsylvania has examined this issue in Holben v. Midwest Emery Freight System, Inc., 525 F. Supp. 1224 (W.D. Pa. 1981). The Court essentially adopted the majority view and found that "nothing can be gained from [the negligent entrustment cause of action] when the defendant employer has admitted the agency of the driver, and to permit the action to proceed on both counts would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissable. . ." Id. At 1224-1225.

II.     **CONCLUSION**

For the reasons stated above and in the Motion for Partial Summary Judgment, defendants request this Honorable Court to grant this motion and dismiss the averments contained in paragraph 14 and its subparts (m)-(n) of plaintiff's Complaint, which allege a cause of action for negligent supervision, hiring, and negligent entrustment.

          RAWLE & HENDERSON LLP

          By:_____
             Timothy J. Abeel
             Identification No. 23104
             Kirsten E. Moore
             Identification No. 88699
             The Widener Building
             One South Penn Square
             Philadelphia, PA 19107
             215-575-4200
             Attorneys for Defendants,
             Star Transport, Inc. and Brian Miles

DATED: February 6, 2003

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Defendants' Motion for Partial Summary Judgment was served via first-class mail, postage prepaid, on counsel of record addressed as follows:

A. Roy DeCaro, Esquire
Raynes, McCarty, Binder, Ross & Mundy
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103

RAWLE & HENDERSON LLP

By:_____
Timothy J. Abeel
Identification No. 23104
Kirsten E. Moore
Identification No. 88699
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4200
Attorneys for Defendants,
Star Transport, Inc. and Brian Miles

DATED: February 6, 2003

779957 v.1