## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : |
| vs. | : CIVIL ACTION NO.  02-CV-4482 : |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : |

### ORDER

AND NOW, this ____ day of _____, 2003, upon consideration of plaintiff's Motion to Preclude defendant Brian L. Miles from testifying at the trial of this case, it is hereby ORDERED and DECREED that the Motion is DENIED.

                                              BY THE COURT:

                                              _____
                                                                               J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : |
| vs. | : CIVIL ACTION NO. 02-CV-4482 : |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION
TO PRECLUDE THE TESTIMONY OF DEFENDANT MILES AT TRIAL**

Defendants, Star Transport, Inc. and Brian L. Miles, by and through their attorneys, Rawle & Henderson LLP, herein submit the following reply in opposition to Plaintiff's Motion to Preclude defendant Brian L. Miles from testifying at the trial, and in support thereof aver as follows:

1. Admitted.

2. Admitted.

3. Denied as stated. Upon information and belief, it is unknown whether the decedent burned to death. By way of further answer, defendants only admit that the tractor trailer driven by defendant Brian Miles and the decedent George Kaloudis were involved in a motor vehicle accident on Route 1 in Delaware County.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

779329 v.1

8. Denied as stated. Plaintiff unilaterally notice prior defense counsel of Brian Mile's deposition scheduled for October 2, 2002.

9. Denied as stated. Plaintiff unilaterally noticed prior defense counsel of Brian Mile's deposition scheduled for October 31, 2002. However, on October 23, 2002 defense counsel executed a Substitution of Attorney in which present defense counsel entered the case. On this same date, defense counsel advised plaintiff of the change in counsel. Subsequently the depositions scheduled for October 31, 2002 were postponed due to defense counsel's lack of time to prepared for depositions.

10. Denied as stated. At this time, defendants were attempting in good faith to locate defendant Brian Miles. Defendants were unable to locate Miles and kept plaintiff apprised of our search for him as evidenced by plaintiff's Exhibit "4."

11. Denied as stated. Defendants were diligently searching for Miles in an attempt to produce Miles for a deposition. Defendants hired a private investigator to locate Miles however Miles was not located by defendant's investigator until December 7, 2002 which gave defendants insufficient time to produce Miles for his deposition. See Exhibit "A".

12. Admitted that defendants retained a private investigator to locate Miles because they were unable to locate him.

13. Denied as stated. Defendants have located Miles and are attempting to produce him for a deposition.

14. Admitted that the Court's Scheduling Order ended discovery on January 21, 2003. However, it is also admitted that plaintiff never moved to compel defendants to produce Miles pursuant to Rule 37(a) nor did plaintiff attempt to resolve this matter with a telephone conference before the Court as advised by Judge Kaufman's rules and procedures.

779329 v.1

15. Denied as stated. Defendants have insufficient knowledge or information upon which to form a belief as to the truth of the plaintiff's statement. However, plaintiff's experts would have the opportunity to review Mile's deposition should the grant defendant's Motion to Extend currently pending before the Court thus removing all possible prejudice.

16. Admitted in part; denied in part. Defendants admit that F.R.C.P. 37(d) is accurately stated but purport that it is not accurately applied. Rule 37(d) states that the Court may make such orders that are just or authorized under 37(b)(2). However, F.R.C.P. 37(b)(2) refers to the failure to obey an order entered by the Court. In the present case, plaintiff never sought a Court Order regarding the production of Miles therefore, there is no failure to obey a Court Order as mandated by (b)(2). Defendants concede that the Court may still make an Order that is "just" but assert that plaintiff's proposal is not "just."

17. Denied as stated. Defendants assert that preclusion is not "just" since plaintiff unilaterally scheduled all deposition dates without extending the courtesy of contacting the defendants. That plaintiff never contacted the Judge to resolve the matter prior to the end of discovery, the plaintiff never filed a Motion to Compel, and the plaintiff never sought to extend discovery to conduct Mile's deposition. Rather, the plaintiff filed a Motion to Preclude which is premature and prejudicial to the defendants who have diligently attempted to and recently did locate defendant Miles. At no time, did defendants refuse to produce Miles. Defendants assert that a fair approach would be reopen discovery and extend it within a newly amended Order as requested within defendants' Motion to Extend, attached hereto as Exhibit "B." Defendants suggest and extension which would allow defendants to produce Miles within 30 days or allow the plaintiff to renew their motion consistent with the new Scheduling Order. Notably, plaintiff cited within her Opposition to Defendants' Motion for Partial Summary Judmgent that she was

prejudiced because she was unable to conduct Mile's deposition and obtain further discovery. Plaintiff's motion has been attached hereto as Exhibit "C." Therefore, extending time to conduct the deposition would prevent prejudice according to the plaintiff's own submission.

WHEREFORE, defendants respectfully request that this Court deny plaintiff's Motion to Preclude without prejudice and Order an extension to discovery to prevent substantial prejudice to the defendants.

                    RAWLE & HENDERSON, LLP

              By:_____
                    Timothy J. Abeel
                    Identification No. 23104
                    Kirsten E. Moore
                    Identification No. 88699
                    The Widener Building
                    One South Penn Square
                    Philadelphia, PA 19107
                    215-575-4200
                    Attorneys for Defendants,
                    Star Transport, Inc. and Brian Miles

DATED: February 6, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that on today's date I served a true and correct copy of the foregoing Defendants' Reply To Plaintiff's Motion Preclude defendant Brian L. Miles from testifying at the trial, by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

A. Roy DeCaro, Esquire
Raynes, McCarty, Binder, Ross & Mundy
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103


RAWLE & HENDERSON LLP


By:_____
Timothy J. Abeel
Identification No. 23104
Kirsten E. Moore
Identification No. 88699
The Widener Building
One South Penn Square
Philadelphia, PA 19107
215-575-4200
Attorneys for Defendants,
Star Transport, Inc. and Brian Miles

DATED:   February 6, 2003

5

779329 v.1