**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EUGENIA KALOUDIS, Individually, | : | CIVIL ACTION |
| and as Administratrix of the Estate | : | |
| of GEORGE KALOUDIS, Deceased | : | |
| | : | |
| vs. | : | |
| | : | |
| STAR TRANSPORT, INC. | : | |
| and BRIAN L. MILES | : | NO. 02-CV-4482 |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO PRECLUDE THE TESTIMONY OF BRIAN MILES AT TRIAL**

In paragraph 16 of defendants' Reply to Plaintiff's Motion to Preclude the Testimony of Defendant Brian Miles at Trial ("Defendants' Reply"), "[d]efendants concede that the Court may . . . make an Order that is 'just . . .'" in resolving plaintiff's motion. Plaintiff, Eugenia Kaloudis, argues that it is just to exclude the testimony of Brian Miles because:

(1) Miles' testimony is key; he was the driver of the truck that killed George Kaloudis, plaintiff's decedent;

(2) Miles' deposition has been noticed four times, yet he has never appeared for his deposition;

(3) The discovery period is over;

(4) Miles is a defendant;

(5) Plaintiff's expert reports are due on February 21, 2003, little over a week from the date this sur-reply is being filed;

It would be unfair if plaintiff had to prepare expert reports and prepare for trial (scheduled for June) only to hear Mr. Miles' testimony for the first time at trial (or even for the first time after expert reports have been prepared and shortly before trial).

The defense argues repeatedly that Mr. Miles' deposition was scheduled "unilaterally." This point is a red herring and also is incorrect. The first two deposition dates were cleared with defense counsel's calender and later cancelled. The second two were noticed "unilaterally" because current defense counsel would not provide a date for Mr. Miles to appear. One of defendants' lawyers, Kirsten E. Moore, Esquire, has represented to plaintiff's counsel as recently as this week that she still cannot provide a date for Mr. Miles to appear and has never spoken to the man!

All of this is puzzling since Mr. Miles is a defendant, was served with process, and defense counsel has entered an appearance on his behalf. Indeed, for the last nine months, defense counsel has answered on Mr. Miles' behalf and filed every motion and response on his behalf – presumably with proper authority.

Yet, defense counsel states that "defendants were unable to locate Miles . . . ." Defendants' Reply at ¶10. The defense contends that their investigator found Mr. Miles only on December 7, 2002. Id. at ¶11. But defense counsel did not even offer Mr. Miles for deposition – despite four notices to depose – before the discovery cut-off of January 21, 2003 (almost seven weeks later)[1]. Counsel does not even offer a date for Mr. Miles' deposition in its opposition to this motion, instead suggesting that counsel should be "allow[ed]" 30 days to produce him. Defendants' Reply at ¶17. Additionally, counsel does not explain what attempts were made to find Miles before December 7, 2002. The Court has no evidence before it that such a delay was justified. For all we know, an investigator was not hired until December 6th.

---

[1] The truth is during this time (i.e., between December 7, 2002 and this week) defense counsel repeatedly represented to both A. Roy DeCaro, Esquire and Charles P. Hehmeyer, Esquire that Mr. Miles' whereabouts are unknown.

The defense argues that plaintiff should be barred from asking for preclusion because her counsel did not contact the Judge or file a motion to compel Miles' deposition. Id. at ¶17. Defendant's cite no authority for this proposition and, again, admit that the Court may make any Order which is just. See infra at p. 1. We submit that the Federal Rules for producing witnesses are clear. It is no defense to a preclusion motion that plaintiff did not conference the Judge to make defendants do what the rules clearly require.

There is no escaping one fact: Even if the defense position that Miles' whereabouts were unknown until December 7, 2002, is credited, they offer no excuse for failing to produce Miles between December 7, 2002 and January 21, 2003 (the discovery cut-off) or even after January 21, 2003. Defendants do not deny that Miles' deposition was properly noticed for December 10, 2002 (the fourth time). See Defendants' Reply at ¶11; Plaintiff's Motion To Preclude Defendant Brian Miles From Testifying at Trial of This Case at ¶11.

For these reasons, Miles' testimony should be precluded.

Respectfully submitted,

RAYNES McCARTY BINDER ROSS & MUNDY

February 12, 2003          By _____
                                Arthur G. Raynes
                                A. Roy DeCaro
                                Charles P. Hehmeyer
                                   1845 Walnut Street, Suite 2000
                                   Philadelphia, PA 19103
                                   215-568-6190