IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENIA KALOUDIS, Individually, :
and as Administratrix of the Estate :
of GEORGE KALOUDIS, Deceased :
: CIVIL ACTION NO. 02-CV-4882
:
:
      v. :
:
:
STAR TRANSPORT, INC. :
and BRIAN L. MILES :

TO:  A. Roy DeCaro, Esquire
      Raynes, McCarty, Binder, Ross & Mundy
      1845 Walnut Street, 20th Floor
      Philadelphia, PA 19103

      **PLEASE TAKE NOTICE** that on Monday, April 7, 2003, or as soon thereafter as counsel may be heard, Rawle & Henderson LLP, attorneys for Brian Miles and Star Transport, Inc., shall move before the United States District Court for the Eastern District of Pennsylvania for an Order Quashing Subpoenas served on Riddle Memorial Hospital.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned shall rely upon the attached Certification of Counsel and/or Brief in support of said Motion.

803741 v.1

   **PLEASE TAKE FURTHER NOTICE** that oral argument is hereby requested if this Motion is opposed.

         RAWLE & HENDERSON LLP

         By: _____
            Timothy J. Abeel, Esquire
            Kirsten E. Moore, Esquire
            Attorneys for defendants, Brian Miles and
            Star Transport, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | :<br>:<br>:<br>: CIVIL ACTION NO. 02-CV-4882<br>:<br>:<br>: |
| v. | :<br>:<br>: |
| STAR TRANSPORT, INC. and BRIAN L. MILES | :<br>: |

### ORDER QUASHING SUBPOENAS

**THIS MATTER,** having been opened to the Court by Rawle & Henderson LLP, attorneys for defendants, Brian Miles and Star Transport, Inc. and the Court having considered the matter, the papers submitted and any response thereto, and good cause having been shown,

**IT IS** on this            day of                   , 2003:

**ORDERED** that the Motion to Quash Subpoena is hereby **GRANTED,** and that said Subpoena is **QUASHED** and rendered null and void;

**IT IS FURTHER ORDERED** that a copy of the within Order shall be served

803741 v.1

upon all counsel of record within five (5) days of the entry of the Order.

**BY THE COURT:**

_____
                                                    **J.**

MOTION:
(  ) Opposed
(  ) Unopposed


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : : : : : CIVIL ACTION NO. 02-CV-4882 : : : |
| v. | : : : : |
| STAR TRANSPORT, INC. and BRIAN L. MILES | : : |

### CERTIFICATION OF COUNSEL

I, Kirsten E. Moore, Esquire, being of full age and duly sworn according to law upon my oath depose and say:

1. I am an attorney at law in the United States District Court for the Eastern District of Pennsylvania and I am associated with the law firm of Rawle & Henderson LLP, attorneys for moving defendants, Brian Miles and Star Transport, Inc. in the above-captioned matter, and I have personal knowledge of the matters asserted herein.

2. On or about March 31, 2003, a copy of a Subpoena and a Notice of Deposition in a Civil Case was received by regular mail at the offices of defense counsel, The Widener Building, One South Penn Square, Philadelphia, Pennsylvania 19107 from the MCS Group, Inc., the records keeper for Riddle Memorial Hospital. The Subpoena, which was returnable on April 6, 2003, was addressed to "Riddle Memorial Hospital" A true and correct copy of the Subpoena is attached hereto as Exhibit "A."

3. The Subpoena commanded that the Custodian of Records for Riddle Memorial Hospital provide the "(e)ntire hospital medical file, including but not limited to any

803741 v.1

and all records correspondence to and from the consulting and/or treating physician, files, memoranda, handwritten notes, history and physical reports, medication/prescription records, nurse's notes, doctor's comments, dietary restrictions, and all patient consent or refusal of treatment, procedures, tests, and/or medication, lab and diagnostic test results, including any and all such items relating to any examination, consultation, diagnosis, care, treatement, admission, discharge, or emergency care pertaining to" of Brian Miles for a records deposition on Sunday April 6, 2003, at 10:00 a.m. at the offices of MCS Group, Inc., 1601 Market Street, #800, Philadelphia, PA 19103.

4. Defendant, Brian Miles, is the driver of the tractor trailer which was owned by defendant, Star Transport, Inc. at the time of the subject accident.

5. Brian Miles has not placed his medical condition in controversy.

6. However, even if Brian Miles had placed his medical condition in controversy, the plaintiff has been provided with copies of Brian Miles physical examinations and medical records certifying his good health at the time of the accident. Moreover, plaintiff has been provided with the negative results of the drug and alcohol testing performed at Riddle Memorial Hospital on the day of the subject accident.

7. Brian Miles has a right to privacy with regard to his medical records, and the issues in this litigation do not warrant a violation of that right of privacy.

8. Even if this litigation did warrant violating Brian Miles rights which these facts do not, plaintiff seeks any and all medical records without limit to time, scope, or injury. Thus, plaintiff seeks information that is irrelevant, immaterial, and prejudicial. Moreover, any probative value is outweighed by the danger of unfair prejudice and confusion of the issues

803741 v.1

which will mislead the jury.  As a result, such evidence should not be admitted and the subpoena should be quashed.

       10.     Pursuant to Fed.R.Civ.P. 45(c), the Subpoena is totally improper and objectionable on its face because the Subpoena clearly seeks disclosure of privileged or other protected materials.

       11.     Moreover, the Subpoena was not served in compliance with Fed.R.Civ. P. 5(a) and 45(3)(A).   The plaintiff had the duty to serve defendants with a copy of the Subpoena in order for them to have the option to seek modification or an Order to Quash.

       12.     In the present action, plaintiff failed to serve defendants with a copy of the Subpoena.  The only reason defendants were notified of the Subpoena was MCS inquired as to whether defense counsel wanted a copy of Brian Miles's records.

       13.     Based on the foregoing, counsel for defendant, Brian Miles and Star Transport, Inc., upon receipt of a copy of the Subpoena, sent written notice to plaintiff's counsel that defendants objected to the issuance of the Subpoenas pursuant to Fed.R.Civ.P. 45 and that a this Motion would be filed with the Court.  See copy of counsel's April 3, 2003 correspondence attached hereto as Exhibit "B."

       14.     Pursuant to Fed.R.Civ.P. 26, the Court may make any Order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  The Court may make an Order which denies the requested discovery or that the requested discovery be had under specified terms and conditions.

       WHEREFORE, defendants, Brian Miles and Star Transport, Inc.  respectfully move this Honorable Court to quash plaintiff's Subpoena without compromise, or, in the alternative, to issue a Protective Order or conduct in camera review in response to their Motion.

803741 v.1

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                            RAWLE & HENDERSON LLP

By: _____
     Kirsten E. Moore, Esquire
     Attorneys for Brian Miles and Star Transport

Dated: April 3, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENIA KALOUDIS, Individually, and as Administratrix of the Estate of GEORGE KALOUDIS, Deceased | : <br> : <br> : <br> : CIVIL ACTION NO. 02-CV-4882 <br> : <br> : <br> v. : <br> : <br> : <br> STAR TRANSPORT, INC. : <br> and BRIAN L. MILES : |

## PROOF OF MAILING

On April 3, 2003, I, the undersigned, caused to be delivered to the below-listed counsel a copy of the within defendants' Motion to Quash Subpoena and supporting papers by first-class mail, postage prepaid:

A. Roy DeCaro, Esquire
Raynes, McCarty, Binder, Ross & Mundy
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103

Andrew Riemenschneider
801 Old York Road
Suite 309
Jenkintown PA 19046

_____
Kirsten E. Moore

Dated: April 3, 2003

0550223.01

803741 v.1