IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENIA KALOUDIS, Individually, and** | : | CIVIL ACTION |
| **as Administratrix of the Estate of** | : | |
| **GEORGE KALOUDIS, Deceased** | : | |
| | : | |
| **v.** | : | NO. 02-4482 |
| | : | |
| **STAR TRANSPORT, INC. and** | : | |
| **BRIAN L. MILES** | : | |

## ORDER

**AND NOW**, this _____ day of July, 2003, upon consideration of the unopposed Petition for Approval of Settlement of Wrongful Death and Survival Actions, it is hereby **ORDERED** that the proposed settlement in the total amount of $6,000,000 is approved.[1]

The settlement funds shall be allocated as follows:

| | |
|---|---|
| To Raynes, McCarty, Binder, Ross & Mundy for reimbursement of costs | $73,627.47 |
| To Raynes, McCarty, Binder, Ross & Mundy and Vasilios Kalogredis, Esquire for counsel fees | $1,466,593.13 |

The balance of the award shall be apportioned as follows:

| | |
|---|---|
| Survival claim (25% of award less attorney's fees and costs) | $1,114,944.80 |
| Wrongful death claim | $3,344,834.60 |

---

[1] Because jurisdiction in this case is based on diversity, the court is required to apply the substantive law of the forum. <u>Eagan v. Jackson</u>, 855 F. Supp. 765, 775 -76 (E. D. Pa. 1994) (concluding that approval of a minor's compromise is controlled by substantive state law). Under Pennsylvania law, the settlement of a minor's claim is allowed only upon approval of the court. <u>See</u> Pa. R. Civ. P. 2206(a) ("No action for wrongful death in which a minor . . . has an interest shall be discontinued nor shall the interest of a minor . . . be compromised or settled until the court . . . approve[s] the compromise or settlement as being fair and equitable.").

(75% of award less attorney's fees and costs)

The proceeds allocated to the <u>survival claim</u> shall be distributed as follows:

| | |
|---|---|
| To Eugenia Kaloudis, spouse<br>($30,000 plus 50% of $1,114,944.80) | $572,472.40 |
| To Eugenia Kaloudis, as parent and natural Guardian for her daughter, Victoria Kaloudis<br>(25% of $1,114,944.80) | $271,236.20 |
| To Eugenia Kaloudis, as parent and natural Guardian for her son, Nicholas Kaloudis<br>(25% of $1,114,944.80) | $271,236.20 |

The proceeds allocated to the <u>wrongful death claim</u> shall be distributed as follows:

| | |
|---|---|
| To Eugenia Kaloudis, spouse (50% of $3,344,834.60) | $1,672,417.30 |
| To Eugenia Kaloudis, as parent and natural Guardian for her daughter, Victoria Kaloudis<br>(25% of $3,344,834.60) | $836,208.65 |
| To Eugenia Kaloudis, as parent and natural Guardian for her son, Nicholas Kaloudis<br>(25% of $3,344,834.60) | $836,208.65 |

The amount received by Eugenia Kaloudis as parent and natural guardian of her minor children, Victoria and Nicholas Kaloudis, shall be placed in an interest bearing savings account, savings certificate, or money market fund that shall be insured and shall not be withdrawn before the minors attain majority or upon prior Order of the Court. Any other proposed prudent investment plan for these children must first be approved and authorized by this Court.

**BY THE COURT:**

_____
**BRUCE W. KAUFFMAN, J.**